**Anthony HARPER, Appellant,**

v.

**Jerry T. WILLIFORD, Director, Federal Bureau of Prisons, Southeast Region; Janet Reno, Attorney General; Director of Federal Bureau of Prisons, Appellees.**

**No. 94–5182.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 8, 1996.

---

Anthony Harper, pro se, was on the motion for summary reversal.

R. Craig Lawrence, Assistant United States Attorney, Washington, DC, was on the motion for summary affirmance, for appellees. Eric H. Holder, Jr., United States Attorney, and Charles F. Flynn, Assistant United States Attorney, entered appearances.

Before: WILLIAMS, HENDERSON, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTIONS FOR SUMMARY REVERSAL AND SUMMARY AFFIRMANCE

PER CURIAM:

█ In this case we are asked to decide whether 18 U.S.C. § 4042 creates a private right of action against officials of the Bureau of Prisons, for alleged deficiencies in a federal prison. We join our sister circuits in concluding that section 4042 does not create a private right of action against federal officials.

Anthony Harper was confined for several months in a temporary federal detention center in Fort Gordon, Georgia, in 1989. Along with two fellow inmates, he filed this action in the Southern District of Georgia against the regional director of the Federal Bureau of Prisons (BOP), alleging inadequate conditions and seeking transfer out of the Fort Gordon facility.

Plaintiffs were transferred to other facilities in late 1990, and the temporary federal facility was closed; the defendant then filed a motion to dismiss the action as moot. A Magistrate Judge granted leave to file an amended complaint, which added additional defendants and raised a claim for personal liability pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Magistrate Judge recommended denying the motion to dismiss, reasoning that although *Bivens* liability is not available against supervisory officials under a *respondeat superior* theory, the claim for damages might nonetheless survive if construed as an action alleging a violation of defendants' statutory duty to ensure that the conditions of the prison meet constitutional standards. The Magistrate Judge determined that 18 U.S.C. § 4042 gave plaintiffs a cause of action directly against BOP officials. The district court in Georgia subsequently transferred the case to the district court here, which granted the motion to dismiss, and denied Harper's Rule 59(e) motion.

Section 4042 sets out, in general terms, BOP's responsibility for the "management and regulation" of federal penal and correctional institutions, directing BOP to "provide for the safekeeping, care, and subsistence," as well as the "protection, instruction, and discipline" of the prisoners. 18 U.S.C. § 4042(a).[1]

---

1. In 1994 Congress amended section 4042 by adding new provisions related to the obligation to provide notice of a federal prisoner's impending release. Those amendments are not relevant here.

**1528**

Harper's complaint seeks to impose personal liability on BOP officials for the alleged inadequacies at the Fort Gordon facility. Harper urges us to read section 4042 as creating a private right of action against BOP officials. Other circuits have refused to adopt this argument. *See, e.g., Chinchello v. Fenton,* 805 F.2d 126, 134 (3d Cir.1986) (statute was not intended to assign any specific responsibility to the Director of the Bureau personally or to create a private right of action); *Ortega v. Rowe,* 796 F.2d 765, 767 (5th Cir.1986) (same). This conclusion is consistent with the Supreme Court's unwillingness to presume the existence of a private right of action where none is explicitly articulated by Congress. *See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 13, 101 S.Ct. 2615, 2622–2623, 69 L.Ed.2d 435 (1981).

Although section 4042 sets out the standard of care owed by the Bureau of Prisons in negligence actions, *see United States v. Muniz,* 374 U.S. 150, 164–165, 83 S.Ct. 1850, 1858–1859, 10 L.Ed.2d 805 (1963), Harper's complaint alleges unconstitutional conditions, not negligent acts. *See also Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969) (the only cause of action available through 18 U.S.C. § 4042 is pursuant to the Federal Tort Claims Act (FTCA)). We cannot construe the case as arising under the FTCA because constitutional claims are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(2)(A).

Because section 4042 does not create a private right of action we affirm the district court's dismissal of appellant's complaint. Appellant's other grounds on appeal are disposed of in an order issued today.