attorney's fees.  Because the reasons why judgment should be entered for the plaintiff have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in *Reilly v. Grayson*, 157 F. Supp. 2d 762 (E.D. Mich. 2001).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0397P (6th Cir.)
File Name:  02a0397p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JAMIE REILLY,
    *Plaintiff-Appellee,*

    *v.*

HENRY GRAYSON, CHRIS DANIELS, and JOSEPH CROSS,
    *Defendants-Appellants.*

Nos. 01-1993/2189

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 95-76362—Avern Cohn, Senior District Judge.

Argued:  September 17, 2002

Decided and Filed:  November 18, 2002

Before:  SILER, DAUGHTREY, and GILMAN, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:**  Kevin R. Himebaugh, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS DIVISION, Lansing, Michigan, for Appellants.  Daniel E. Manville, Ferndale, Michigan, for Appellee.  **ON BRIEF:**  Kevin R.

Himebaugh, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS DIVISION, Lansing, Michigan, for Appellants.  Daniel E. Manville, Ferndale, Michigan, for Appellee.

_____

**OPINION**

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge.  This appeal is from the judgment entered in the plaintiff's favor following a four-day bench trial in the district court.  The action was brought by Michigan prison inmate Jamie Reilly under 42 U.S.C. § 1983 and charged various state prison officials with violation of the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Reilly, suffering from asthma, claimed that the defendants' repeated failure to house him in a prison unit free of environmental (second-hand) tobacco smoke exposed him to an unreasonable risk of harm to his health and constituted deliberate indifference to his serious medical needs.  Based on evidence presented at trial, the district court agreed, awarding $36,500 in compensatory damages, $18,250 in punitive damages, and $51,786 in attorney's fees.  We affirm on the basis of the district court's opinion, reported as *Reilly v. Grayson*, 157 F. Supp. 2d 762 (E.D. Mich. 2001).

The primary issues on appeal are reiterations of the defenses raised at trial.  First, the defendants contend as a legal matter that they should have been granted qualified immunity because the plaintiff did not have a constitutional right to a "completely smoke-free environment," but only the right not to be celled with an active smoker, and because, even if there is a broader right to be housed in a smoke-free facility, it was not clearly established at the time of the plaintiff's complaints in this case.  Second, they argue as a factual matter that the plaintiff failed to establish that he had a "serious medical need" to which the defendants were "deliberately indifferent."  We find no merit to either of these contentions.

Although the leading Supreme Court and Sixth Circuit decisions at the time of Reilly's incarceration, *Helling v. McKinney*, 509 U.S. 25 (1993), and *Hunt v. Reynolds*, 974 F.2d 734 (6th Cir. 1992), involved a prisoner's right not to be housed with a smoker, the language of the opinions is broader than those facts would indicate, repeatedly emphasizing the right to be free from *exposure* to second-hand smoke. As we said in *Hunt*, prisoners have a right  not to be exposed to environmental smoke that presents a serious risk to health and to be removed "from places where smoke hovers."  *Id.* at 735 (*quoting Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir. 1991)).  The district court's reliance on those cases was obviously not misplaced.  Moreover, we find no clear error in connection with the court's findings that Reilly suffered from a serious medical condition that was exacerbated by exposure to second-hand smoke and, moreover, that the defendants deliberately failed to respond to the repeated recommendations by medical personnel that he be removed to a smoke-free environment in order to avoid further detriment to his health.

Nor do we find reversible error in the district court's calculation of damages in this case.  The defendants argue that at most only nominal damages should have been awarded because Reilly failed to prove actual injury and causation.  However, we conclude from our review of the record that there was sufficient evidence from which the district court could find that Reilly suffered both an increase in the severity of his asthma and an increase in the risk of future damage to his health as a direct result of his exposure to second-hand smoke. Moreover, there was ample evidence to support the district court's conclusion that punitive damages were justified by the defendants' "reckless . . . disregard of Reilly's rights."  *Reilly*, 157 F. Supp. 2d at 774.  Finally, we find no abuse of discretion in the calculation of attorney's fees.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in entering judgment for the plaintiff and in awarding damages and