**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0104n.06
Filed: February 10, 2005

No. 04-1081

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FREDRICK FISHER, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WILLIAM OVERTON, Warden, et al., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |

BEFORE:     MERRITT, MOORE and GILMAN, Circuit Judges

 **MERRITT, Circuit Judge.**  In this pro se prisoner case brought under 42 U.S.C. § 1983, and subject to the limitations of 42 U.S.C. § 1997e(a) (requiring that a prisoner must exhaust all of his available administrative remedies),[1] the plaintiff, Fisher, sued William Overton, Director of the Michigan Department of Corrections ("MDOC") and nine other defendants employed by MDOC for damages and injunctive relief.  The basic claim is that plaintiff's health has been seriously harmed by second-hand smoke caused by MDOC's failure to enforce federal and state anti-smoking laws.  The action is brought against the defendants both in their personal and official capacities.

---

[1]Section 1997e(a) states that "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  A prisoner's § 1983 complaint "must allege and show" that he has exhausted such remedies, *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

The Magistrate's Report and Recommendation, accepted by the District Court, concludes that the case against the nine defendants, other than Overton, should be dismissed because Fisher did not name them in his grievance filed under § 1997e or describe their conduct for which he claims damages. The Magistrate stated his reasons as follows:

> [I]n <u>Burton v. Jones</u>, 321 F.3d 569, 574 (6th Cir. 2003) the Sixth Circuit held that for a district court to find that a prisoner had administratively exhausted a claim against a particular defendant, the prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step One of the grievance process. The court determined that the prisoner does not exhaust his administrative remedies if the first allegation of mistreatment or misconduct occurs at Step Two or Three of the grievance process. The court also held that to exhaust, the prisoner must name each particular defendant associated with the particular claim at Step One of the grievance process. Plaintiff has not met that requirement in this case. He failed to name the listed Defendants in Step One of his grievances, with the exception of William Overton, and Overton is only named in a general manner without alleging any misconduct on his part. Furthermore, the grievances fail to raise the issue of retaliation at all. I conclude, therefore, that Plaintiff has failed to exhaust his administrative remedies in regard to the named Defendants.

At Step I, Fisher stated only that he had "sent letters to William Overton" with copies "to all Department of Corrections Employees" complaining that MDOC "has forced me to endure second-hand smoke spread through-out my living quarters" causing "serious health problems, that has affected my breathing" and resulted in "acute pain in my right lung," all in violation of federal and state environmental laws. Fisher's Step II and Step III grievances do not name a particular person or defendant. After reviewing the grievance documents referred to by the Magistrate above, we agree that Overton, as Director of MDOC, is the person named in the grievance papers as responsible for Fisher's second-hand smoke injury. Fisher has not specifically named and alleged

mistreatment or misconduct by the other defendants, and we must therefore affirm the judgment below as to these other nine defendants.

Fisher did request the District Court to permit him to amend his complaint to correct the deficiencies found by the Magistrate. Assuming that he were allowed to do so, an amendment would not correct the problem of exhaustion against the nine defendants other than Overton because the deficiencies are in the grievances filed with MDOC rather than the complaint in the District Court. These are § 1997e exhaustion deficiencies that cannot be overcome by amending the District Court complaint.

The claim against Overton in his personal capacity is that as Director of MDOC he failed to ensure that no-smoking laws were observed in Michigan prisons. Fisher does not otherwise specify the conduct that would render Overton personally liable. The Magistrate dismissed the personal liability action against Overton on the following grounds:

> It appears that Plaintiff has named Overton as a defendant simply because he was the Director of the Michigan Department of Corrections. Plaintiff does not allege, nor does he present any evidence that the Defendant had any personal involvement in the alleged misconduct.

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. The doctrine of respondeat superior does not apply in a Section 1983 lawsuit to impute liability on the supervisory personnel unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *See* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 691-695, 98 S. Ct. 2018 (1978). Plaintiff has not met that requirement in this case.

We find no error in this reasoning and hence affirm the dismissal of the action for damages against Overton in his personal capacity.

We must reverse and remand for further proceedings, however, the claim for injunctive relief against Overton in his official capacity. Under the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), a state actor like Overton may be sued in his official capacity for prospective, injunctive relief. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n. 10 (1989), observing that for purposes of injunctive relief state officials may continue to be sued in their official capacities even though they may be sued for damages only in their personal capacity. The District Court did not address this question of Overton's liability as an official for injunctive relief for his alleged deliberate failure to enforce laws against smoking in prison buildings. Our remand should therefore not be considered as ruling one way or the other on the question of whether Fisher has stated a cause of action for injunctive relief based on the theory of deliberate indifference to his serious medical needs as outlined in *Estelle v. Gamble*, 429 U.S. 97 (1976), and subsequent cases. We reserve any judgment on that question because the District Court has not addressed it. We note that in another context a judgment against state prison employees for allowing injurious smoking has been upheld by this Court. *See Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002). After considering the federal § 1983 claim, the District Court should consider Fisher's state law claims under normal principles of supplemental jurisdiction and sovereign immunity. We, therefore, reverse the judgment of the District Court dismissing without discussion the claim against Overton in his official capacity and remand for further consideration. In all other respects, we affirm the judgment of the District Court.