FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFERY SCOTT DURHAM,

      Plaintiff-Appellant,

v.

ROBERT A. HOOD; T.G. WERLICH;
RANDY MADISON,

      Defendants-Appellees.

No. 10-1128
(D.C. No. 1:05-CV-01282-MSK-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

---

In this pro se *Bivens* action, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Jeffery Scott Durham appeals the dismissal of three defendants for lack of personal jurisdiction, and the grant of summary judgment on his Eighth Amendment claim. Mr. Durham was an inmate at the United States Penitentiary-Administrative Maximum (ADX), in Florence,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado, where he claims defendants were deliberately indifferent to his involuntary exposure to environmental tobacco smoke (ETS). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

\*\*\*

This action originally included as named defendants Harley Lappin, Harrell Watts, and G. L. Hershberger, all of whom were Bureau of Prisons (BOP) officials located in Washington, D.C. Mr. Durham alleged Lappin, as Director of the BOP, was responsible for managing and regulating all federal penal institutions, while Watts and Hershberger, as national and regional executives, were charged with handling inmate administrative appeals. The district court dismissed these officials for lack of personal jurisdiction, finding they had insufficient minimum contacts with the state of Colorado. Mr. Durham contested this ruling and sought to transfer his case to a district where these defendants would be subject to suit. The court denied his request, however, ruling that such a transfer would simply substitute one set of defendants for another, since the transferee court would lack jurisdiction over the Colorado defendants. Mr. Durham moved the court to reconsider, but the court maintained that a transfer would not be in the interest of justice. The court reasoned that although Mr. Durham might be barred from refiling in a different forum by the applicable statute of limitations, any delay in suing these defendants in a proper court was attributable to Mr. Durham alone.

Regarding his Eighth Amendment claim, Mr. Durham moved the court to take judicial notice of various regulations and reports pertaining to ETS exposure. He cited the reports as generally showing that ETS is a cause of disease, including lung cancer, and testified that he himself experienced watery eyes, difficulty breathing, and headaches as a result of his exposure. Mr. Durham elicited consistent testimony from an expert, who was permitted to testify that ETS is a recognized cause of lung cancer and heart disease; can irritate the eyes, nose, and throat; can cause headaches; and contains toxins. Based on this evidence, Mr. Durham alleged defendants knew the dangers of ETS but were deliberately indifferent to the associated risks to his health.

The district court rejected Mr. Durham's claim, however, concluding he failed to show the conditions of his confinement violated the Eighth Amendment.[1] The court first determined that Mr. Durham did not objectively establish that "'he himself [was] being exposed to unreasonably high levels of ETS.'" R., Vol. 5 at 503 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). The court explained that Mr. Durham's anecdotal account of his exposure, coupled with the symptoms he claimed to have suffered as a result, provided no objective indication of what

---

[1] A valid conditions-of-confinement claim entails two elements. First, an inmate must make an objective showing that the exposure or deprivation was "sufficiently serious," i.e., that the inmate was "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted). Second, an inmate must make a subjective showing that defendants had a "sufficiently culpable state of mind," which in this context "is one of deliberate indifference." *Id.* (quotations omitted).

his level of exposure truly was. The court further determined that Mr. Durham failed to show his exposure to ETS violated contemporary standards of decency because he offered only his symptoms of the alleged ETS exposure and reports discussing the general health risks associated with ETS. Consequently, and notwithstanding Mr. Durham's documentary evidence, the court concluded that Mr. Durham could not show that he himself was put to a greater risk of unacceptable harm by some unknown level of exposure.[2]

***

On appeal, Mr. Durham advances the same arguments raised and rejected in the district court. He maintains the court erred in dismissing Lappin, Watts, and Hershberger because they purposefully directed their activities to Colorado, as evidenced by their operation of a nationwide BOP internet site. This internet site, Mr. Durham contends, along with these officials' general business contacts, suffices to permit the court's exercise of personal jurisdiction. Alternatively, he insists his claims against Lappin, Watts, and Hershberger should have been transferred to another forum. As for his Eighth Amendment claim, Mr. Durham asserts the court failed to take judicial notice of the proffered reports and regulations concerning ETS exposure. Simply put, he says this evidence creates a fact issue whether he was exposed to unreasonably high levels of ETS.

---

[2]     Additionally, the court noted Mr. Durham failed to satisfy the subjective element of his claim because there was insufficient evidence that defendants were aware of Mr. Durham's level of exposure and the health risks he faced.

-4-

We review the district court's jurisdictional and summary judgment rulings de novo. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010) (reviewing personal jurisdiction ruling de novo); *Ross v. Bd. of Regents of Univ. of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010) (reviewing grant of summary judgment de novo). After examining Mr. Durham's appellate materials, the record on appeal, and the relevant legal authorities, we agree with the district court's accurate and well-reasoned analyses.

The court correctly explained that it could not exercise personal jurisdiction over Lappin because he did not purposefully avail himself of the protection and benefits of Colorado law simply by virtue of his supervisory role at the BOP. *See generally Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100-01 (10th Cir. 2009) (engaging in minimum contacts analysis). The court similarly recognized that Watts and Hershberger's contacts with Colorado were completely fortuitous to the extent Mr. Durham alleged they were involved in responding to his grievances, and purely speculative where he simply assumed they had other contacts with the forum state. R., Vol. 3 at 466 (citing *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Although Mr. Durham sought to avoid this result by transferring his claims, the court did not abuse its discretion by denying his request, *see Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006), because Mr. Durham failed to show any proper justification for the transfer, *see id.* at 1223 n.16 (discussing factors that bear on court's decision to transfer).

Given these circumstances, we affirm the district court's jurisdictional and transfer rulings for substantially the same reasons provided in the court's orders dated September 21, 2006, and September 12, 2007.

As for Mr. Durham's Eighth Amendment claim, there is no merit in his contention that the court improperly rejected the proffered reports and regulations. Although the court declined to notice these materials, they were considered by the court and deemed inconsequential. *See* R., Vol. 5 at 505-06. Indeed, the court correctly observed that although these materials underscored the general health risks associated with ETS, they failed to objectively establish Mr. Durham's individual and particular level of exposure or attendant risk. *See Helling*, 509 U.S. at 35 (requiring inmate to "show that he himself [was] exposed to unreasonably high levels of ETS"). And because Mr. Durham's anecdotal accounts of his exposure and the symptoms he claimed to have suffered as a result likewise failed to objectively establish his exposure level, the district court properly determined that Mr. Durham did not show his risk from exposure violated contemporary standards of decency. *See id.* at 36. Accordingly, we affirm the district court's grant of summary judgment for substantially the same reasons as articulated in its order dated March 11, 2010.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-6-