**UNITED STATES COURT OF APPEALS**

**April 16, 2012**

**FOR THE TENTH CIRCUIT**

CLEVELAND JOHNSON, JR.,

        Plaintiff-Appellant,

v.

HARLEY G. LAPPIN, Director,
Federal Bureau of Prisons (F.B.O.P.);
MICHAEL NALLEY (misspelled in
the original caption as "Michael
Nally"), Regional Director, F.B.O.P.;
HARRELL WATTS, Administrator,
National Inmates Appeals, F.B.O.P.;
RENE GARCIA, Warden, Federal
Correctional Institution (FCI),
F.B.O.P.; C. BELL, Safety Manager,
FCI-Englewood, F.B.O.P.;
LT. WHITE, Corrections Officer-Lt.
FCI-Englewood, F.B.O.P.;
LT. CLINE, Corrections Officer-Lt.
FCI-Englewood, F.B.O.P.;
LT. KIDWILER, Corrections
Officer-Lt. FCI-Englewood, F.B.O.P.;
OFFICER HENDRICKS, Unicor-Staff
Member, FCI-Englewood, F.B.O.P.;
OFFICER LOCKE, Unicor-Staff
Member, FCI-Englewood, F.B.O.P.;
OFFICER VIGIL, Unicor-Staff
Member, FCI-Englewood, F.B.O.P.;
OFFICER CURRAN, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER ILLARAZA, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER W. LACY, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER RUTSAY, (REC) Officer,
FCI-Englewood, F.B.O.P.; OFFICER

No. 11-1381
(D.C. No. 1:10-CV-02235-REB-CBS)
(D. Colo.)

WALKER, (REC) Officer,
FCI-Englewood, F.B.O.P.; OFFICER
N. WILLIAMS, Supervisor (Paint
Shop) FCI-Englewood, F.B.O.P.;
OFFICER PROFITT, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER MCMURTREY, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER JANSSEN, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER J. COOPER, Corrections
Officer, FCI-Englewood, F.B.O.P.;
OFFICER KOUGH, Corrections
Officer, FCI-Englewood, F.B.O.P.,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Plaintiff Cleveland Johnson, Jr., a federal prisoner currently incarcerated at

a correctional facility in California, brought this *Bivens* action[1] claiming that his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

exposure to environmental tobacco smoke (ETS) while at FCI-Englewood in Colorado violated his Eighth Amendment rights. Defendants moved for dismissal on various grounds. Before the motion was resolved, Mr. Johnson voluntarily dismissed Bureau of Prisons Director Harley G. Lappin, Regional Director Michael Nalley, and Administrator Harrell Watts. On the magistrate judge's recommendation, the district court subsequently dismissed the rest of the case "for failure to state a claim on which relief may be granted and on the basis of qualified immunity."[2] R. Vol. 1 at 227. On de novo review, *see Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (failure to state a claim); *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010) (qualified immunity), we affirm for the reasons explained below.

## COMPLAINT, PROCEEDINGS, AND DISPOSITION IN THE DISTRICT COURT

The essence of Mr. Johnson's complaint is that prison supervisors failed to enforce and prison staff (including many of the defendants) consequently violated Program Statement 1640.04, which provides that staff who smoke "must remain at least 25 feet from any building entrance/exit," R. Vol. 1 at 34. Mr. Johnson alleged that prison "[o]fficers use the steps-porch of the housing units as their 'smoking area.'" *Id.* at 18. As a result, he allegedly was "forced to inhale second

---

[2] The district court dismissed all claims without prejudice. R. Vol. 1 at 228. Defendants have not cross-appealed this aspect of the court's disposition.

hand smoke nearly every time he exit[ed], or enter[ed] his housing unit." *Id.*. Mr. Johnson alleged that he has asthma and that this exposure to ETS "ha[s] aggravated this condition causing [him] to be greatly concerned about his present and future health." *Id.* at 28. Specifics in this regard were lacking, however; indeed, Mr. Johnson requested that the district court "[a]fford [him] a complete physical examination to detect any possible illness from his continued exposure to the second hand 'smoke.'" *Id.* at 23. He also sought damages and injunctive relief directing the prison to comply with Program Statement 1640.04 and to investigate past violations.

Defendants moved to dismiss, arguing *inter alia* that the complaint failed to state a constitutional violation and that they were entitled to qualified immunity. In their view, Mr. Johnson's claim failed under both the objective and subjective prongs of the governing Eighth Amendment analysis. *See generally Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (discussing objective prong concerned with seriousness of harm or need at issue and subjective prong concerned with defendant's culpable state of mind). That is, they contended that the level of ETS to which Mr. Johnson had been exposed did not "unreasonably endanger[]" his health "contrary to current standards of decency," nor had they been aware of and "deliberately indifferent" to such a risk. *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (discussing Eighth Amendment standards in connection with claim based on exposure to ETS). Mr. Johnson filed a response insisting he had sufficiently

alleged he was subjected to a serious health risk on a daily basis by defendants' violations of Program Statement 1640.04--violations he argued were conceded when, in response to his grievance, the warden ordered lines painted to designate the limits of the staff smoking areas. He also noted that a recent Surgeon General report had declared that there is no risk-free level of exposure to tobacco smoke. Finally, at certain points he suggested that the program statement may itself be an improper deviation from a more general BOP prohibition on smoking in federal facilities. Defendants filed a brief reply aptly emphasizing that a violation of such prison policies will not support an Eighth Amendment claim unless the conduct involved deviates from the applicable constitutional standard. *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010).

Shortly thereafter, Mr. Johnson was transferred to FCI-Lompoc in Lompoc, California. The magistrate judge conducted a status conference the very next day (Mr. Johnson would later claim this course of events was deliberately orchestrated to leave him at a disadvantage, lacking legal materials that had not yet reached him at Lompoc). The magistrate judge ordered all discovery stayed pending resolution of defendant's motion to dismiss.

Two months later, the magistrate judge issued a recommendation that the motion be granted. The magistrate judge noted that *Helling*--which held that a plaintiff celled with a prisoner who smoked five packs of cigarettes a day stated a potential claim for exposure to "*unreasonably high levels* of ETS," 509 U.S. at 35

(emphasis added)--did not establish a constitutional right to a smoke-free prison. *See, e.g.*, *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007) (noting, after *Helling*, that "[a] prison is not required to provide a completely smoke-free environment"); *Scott v. Dist. of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998) ("*Helling* did not read the Eighth Amendment as mandating smoke-free prisons."). Rather, ETS exposure is actionable only when substantial enough to have consequences (future risk or present harm) rising to a level of constitutional significance. As emphasized by defendants, for future risk *Helling* indicates that an "unreasonable risk of serious damage" to health "contrary to current standards of decency" is required. 509 U.S. at 35. Against this legal backdrop, the magistrate judge assessed the factual allegations of the complaint as follows:

> Mr. Johnson does not allege that he was constantly exposed to ETS while inside his cell or in a similar enclosed area. Mr. Johnson's alleged exposure to ETS occurred outdoors when he was exiting or entering his housing unit. Mr. Johnson's alleged log of the dates and times he was exposed sets forth only brief occasions of exposure. The total exposure alleged in Mr. Johnson's log amounts to only a few brief occasions of exposure per week over a period of six months. Mr. Johnson does not specifically allege the amount of his exposure to ETS.[3] Even accepting all of Mr. Johnson's allegations as true, the level of exposure to ETS that he alleges simply cannot rise to a level of exposure which could be found to be unreasonably high. . . . Mr. Johnson's allegations do not supply a factual predicate to support a plausible claim that the

---

3    We note that the detailed log of staff smoking violations set out in the complaint reflects incidents usually involving lone staff members, sometimes two, and on rare occasions three; there is no indication of staff congregating in numbers to smoke in prohibited areas. *See* R. Vol. 1 at 25-27.

> conditions of his confinement have violated his constitutional rights. Nor do Mr. Johnson's allegations adequately state that Defendants with deliberate indifference exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.

R. Vol. 1 at 113-14 (quotations and citations omitted). Based on that assessment, the magistrate judge concluded both that the Eighth Amendment claim should be dismissed, *id.* at 114, and that defendants were entitled to qualified immunity, *id.* at 125. The magistrate judge also recommended that any claims for injunctive relief be dismissed as moot in light of the fact that Mr. Johnson was no longer housed at FCI-Englewood. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

As it happened, Mr. Johnson had submitted a motion to amend that got filed the same day as the magistrate judge's recommendation. In the motion he sought to add some factual allegations regarding present harm from his ETS exposure, claiming that he "has been fatigued and had blurry vision and headaches" and "is constantly suffering from various colds and mild headaches as well as constant runny nose and allergies which he had not suffered from until the exposure from the ETS while at the FCI-Englewood." R. Vol. 1 at 205. The magistrate judge treated these additional allegations as a supplemental response to the motion to dismiss, but did not alter his recommendation. *Id.* at 208, 210. Mr. Johnson also filed objections to the recommendation, in which he argued that the magistrate judge had misapplied the governing law to reject his Eighth Amendment claim

and ignored his pleadings, which had included the critical (but unaddressed) fact that he suffers from asthma.[4]  Moreover, contrary to the mild symptoms alleged in his pleadings, he now referred to "excru[c]iating pain" associated with asthma attacks.  *Id.* at 216-17.  He also complained that his out-of-state transfer, followed immediately by a status conference, was an orchestrated effort by defendants and the magistrate judge to undermine his ability to support his case.

The district court adopted the magistrate judge's recommendation, finding it "detailed and well-reasoned" and Mr. Johnson's objections "imponderous and without merit."  *Id.* at 226.  Although the court did not mention Mr. Johnson's alleged asthma, it did acknowledge the supplemental allegations in Mr. Johnson's motion to amend relating "to plaintiff's symptoms as a result of exposure to environmental tobacco smoke," concluding that these were "insufficient to state a cognizable Eighth Amendment claim."  *Id.* at 226 n.2.  We agree.  An actionable claim based on conditions of confinement requires serious harm, not mere discomfort, *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (applying standard from *Farmer*, 511 U.S. at 834), and symptoms of the sort alleged by Mr. Johnson fall short, *see, e.g.*, *Richardson v. Spurlock*, 260 F.3d 495, 498

---

[4]     Defendants argue that Mr. Johnson's objections failed to preserve any substantive challenge to the rationale for dismissal of his ETS claim.  We disagree; he not only objected generally to the magistrate judge's analysis of the claim but specifically focused on a critical relevant fact for which that analysis did not account.

(5th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Scott*, 139 F.3d at 943; *Durham v. Hood*, 412 F. App'x 127, 128-30 (10th Cir. 2011). Finally, the district court rejected Mr. Johnson's complaint about his allegedly orchestrated transfer to California as "the rankest speculation," and aptly noted that any lack of preparation for the ensuing status conference did not prejudice Mr. Johnson because the motion to dismiss was "determined based on the facts alleged in the complaint, which the magistrate judge properly considered in making his recommendation." R. Vol. 1 at 226 n.2.

### RATIONALE FOR AFFIRMANCE ON APPEAL

As should be evident from our presentation of the analysis of the magistrate judge and the district court, we agree with essentially everything they said. There is, however, one important point--Mr. Johnson' alleged asthma--on which they were silent, and it makes this a somewhat closer case than they indicated. We noted earlier the general principle that "[a] prison is not required to provide a completely smoke-free environment," *Powers*, 484 F.3d at 932, but here it is necessary for us to address the following proviso: "*except for prisoners who have asthma* or some other respiratory condition *that even a low level of ambient smoke would aggravate*," *id.* (emphasis added). *See Reilly v. Grayson*, 310 F.3d 519, 521 (6th Cir. 2002) (rejecting defendants' contention that ETS claim rested on unestablished general right to smoke-free environment where prisoner had "a

-9-

serious medical condition that was exacerbated by exposure to second-hand smoke" and medical personnel had recommended a smoke-free placement).

We note that the failure of the magistrate judge and district court to focus on the asthma allegation was understandable under the circumstances. There was only one passing reference to asthma, with no allegation of symptoms tied to ETS, in the ten pages setting out the cause of action asserted in his complaint, *see* R. Vol. 1 at 28, and no mention of the condition in his motion to amend, which contained his only specific allegations of ETS-related symptoms.[5] While he did belatedly interject a new allegation of asthma pain in his objections to the magistrate judge's recommendation, our precedent does not permit litigants to engage in such sandbagging tactics. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (following *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996), to hold matters raised for the first time in objections to recommendation are deemed waived).

While the presence of a respiratory condition like asthma is certainly relevant to an ETS claim, it does not mean minimal levels of ambient smoke such as those alleged here necessarily state a constitutional claim. In this regard, we note there was no allegation of any medical order for Mr. Johnson to be placed in

---

[5]     The administrative grievance materials attached to the complaint also do not refer to Mr. Johnson's alleged asthma. Defendants have not, however, argued that the point was lost through failure to exhaust.

a smoke-free environment, as was the case in *Reilly*, cited above. Asthma conditions vary and courts have held that some asthmatic prisoners may even be permissibly celled with smokers, absent medical orders to the contrary. *See, e.g.*, *Oliver v. Deen*, 77 F.3d 156, 160-61 (7th Cir. 1996).

We need not engage in precise constitutional line-drawing to decide this case. Given the lack of definitive precedent involving the conditions at issue here, where fleeting and relatively minor exposure to outdoor smoke is claimed by a prisoner who alleged asthma but no ETS-related medical orders, we exercise our discretion under *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), to rest our disposition on the second prong of the qualified immunity analysis. That is, whether or not the alleged facts might show the violation of a constitutional right, "the right at issue was [not] clearly established at the time of defendant[s'] alleged misconduct." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quotation omitted). There is no "Supreme Court or Tenth Circuit decision on point," nor is "the clearly established weight of authority from other courts" squarely in favor of the Eighth Amendment violation alleged. *Id.* (quotation omitted). We therefore hold that the district court properly dismissed the complaint on the basis of qualified immunity, although we rely on a somewhat different rationale. *See Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1135 n.1 (10th Cir. 2000) ("We may affirm the district court's dismissal of an action on a different ground if the record is sufficient to allow conclusions of law.");

*see, e.g.*, *Gomes v. Wood*, 451 F.3d 1122, 1124 (10th Cir. 2006) (affirming on basis of qualified immunity analysis not relied on by district court).

Finally, there are two collateral points raised by Mr. Johnson that may be disposed of summarily. First, he seeks to bolster his *Bivens* claim by citing to the BOP duties summarized in 18 U.S.C. § 4042, which include providing for the care and protection of prisoners. This argument is raised for the first time on appeal and we decline to consider it. *See Koch v. City of Del City*, 660 F.3d 1228, 1237 n.4 (10th Cir. 2011).[6] Second, Mr. Johnson notes he requested early release as an alternative remedy for his ETS exposure, and now--apparently conceding that the request was categorically inapt in this *Bivens* conditions-of-confinement case--he argues that the district court should have construed this aspect of the case as a habeas petition and exercised its discretion to transfer it to an appropriate federal venue. There is no obligation to keep meritless claims alive through transfer to another court, *see Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000), and a habeas petition seeking early release as a remedy for the ETS exposure here would have been frivolous.

---

[6] We do note, however, that courts have held there is no right of action directly under § 4042, *see Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996) (citing cases), and the duties it refers to are relevant to negligence claims, not constitutional claims like Mr. Johnson's, *id.*

-12-

The judgment of the district court is AFFIRMED.  Appellant's motion for leave to proceed in forma pauperis on appeal is GRANTED.  We remind him of his obligation under 28 U.S.C. § 1915(b) to continue making partial payments until the entire fee is paid.

Entered for the Court


Monroe G. McKay
Circuit Judge