NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2013[*]
Decided April 15, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2720

| | |
|---|---|
| LAWRENCE LINGLE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-3101 |
| | |
| ALFREDA KIBBY, et al., | Sue E. Myerscough, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Lingle is detained as a sexually violent person, *see* 725 ILCS 207/40, at Rushville Treatment and Detention Facility. He sued the facility's Program Director, Security Director, and Clinical Director, principally alleging that they violated his right to due process by banning all gaming and electronic devices for an illegitimate reason. The district court dismissed his complaint for failure to state a claim. We vacate and remand because Lingle has stated a due-process claim that cannot be resolved on the pleadings.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

For purposes of this appeal, we assume Lingle's factual allegations are true. *Kristofek v. Village of Orland Hills,* No. 12-2345, 2013 WL 932016, at *1, *3 (7th Cir. Mar. 11, 2013). Rushville banned gaming devices, it told its residents, to stop them from surreptitiously obtaining and storing digital contraband. Lingle alleges that this rationale has no basis in "scientific data" or "[e]mpirical facts" because gaming systems at the facility "are not capabl[e] of doing what" Rushville asserts. Lingle explains that Rushville imposed the ban in 2011, not to stop digital contraband, but to retaliate for earlier lawsuits brought by other residents and to deter all residents from suing the facility and its staff in the future. Finally, Lingle adds that even if some residents have used devices to obtain or store digital contraband, Rushville could limit the ban to them. He contends that the facility-wide ban violates due process, equal protection, and the First Amendment.

The district court told the defendants to file a motion to dismiss, asking them to address whether Lingle stated valid federal claims in light of its ruling in *Schloss v. Ashby,* No. 11-3337, 2011 WL 4804868 (C.D. Ill. Oct. 11, 2011). In *Schloss* sexually violent detainees at Rushville (including Lingle) sued the facility to contest the constitutionality of the gaming ban. The district court dismissed *Schloss* at screening for failing to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The district court in *Schloss* addressed two claims. First, it concluded that the plaintiffs did not state a claim under the First Amendment that the ban on video games (an acknowledged form of speech) was not rationally related to a legitimate institutional goal. The court relied on a memorandum from the program director, which the *Schloss* plaintiffs had attached to their complaint and which Lingle has also attached to his brief on appeal here. The memo asserts that because gaming devices store and transmit data that can threaten security and impair treatment, they are no longer "approved":

> Advancements in technology have lead [sic] to increased ability to obtain/store/trade contraband and/or engage in unauthorized communications and other deceptive practices. Such practices threaten the safety and security of the facility and the community and interfere with the facility's therapeutic purposes.

*Schloss,* 2011 WL 4804868, at *4. The plaintiffs in *Schloss* (as does Lingle here) alleged that the memo wrongly asserts that gaming devices can store data or access the communication networks. The court, however, took the memo at face value, understood it to mean that *some* devices have these capabilities, and conjectured that Rushville could not practically examine the capabilities of each device, so a ban on all devices was reasonably related to legitimate institutional concerns. *Id.* at *4–5 (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)). The second claim the district court addressed was equal protection. It concluded that the ban did not

violate equal protection because, as sexually violent persons, the plaintiffs are not similarly situated to mentally ill persons confined at other institutions who can use gaming devices. *See id.* at *2. The plaintiffs in *Schloss* appealed, but we dismissed the appeal administratively for failure to pay docketing fees. *Id., appeal docketed,* No. 12-1971 (7th Cir. Aug. 27, 2012).

The district court in this case granted the defendants' motion to dismiss Lingle's three claims. It dismissed the due-process claim based, in large part, on its conclusion in *Schloss* that the institutional concerns cited in the director's memo override any liberty interest that Rushville residents have in playing video games. The court also concluded that, like the plaintiffs in *Schloss,* Lingle could not state an equal-protection claim because, as a sexually violent person, he is not similarly situated to patients in other mental health facilities. Finally, the court concluded that Lingle could not allege retaliation under the First Amendment because he personally did not sue Rushville before the gaming ban.

Before addressing the merits of this appeal, we note that Lingle's claims in this case arguably arise out of the same set of operative facts as those in *Schloss,* where he was a plaintiff. Therefore his complaint might be subject to the defense of claim preclusion. *See Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.,* 649 F.3d 539, 547 (7th Cir. 2011). But the defendants have not asked us to consider this defense, so at this stage we do not pursue the issue. *Tully v. Barada,* 599 F.3d 591, 594 (7th Cir. 2010).

On the merits, Lingle maintains that Rushville's policy is not rationally related to its legitimate institutional needs and therefore violates due process. The policy is irrational, Lingle explains, because Rushville banned gaming devices even though they do not store data or access the internet and therefore do not threaten the institution. Moreover, he continues, the policy is punitive because Rushville banned the devices to punish the residents after some had sued the facility. The defendants respond that Lingle "notes" in his complaint that Rushville imposed the ban "because" modern gaming system can record and transmit prohibited data. But Lingle's complaint alleges that Rushville banned the devices *not* because of data concerns but because of the earlier lawsuits.

Civilly committed persons under the Illinois Sexually Dangerous Persons Act are treated as pretrial detainees, so Lingle is protected by the Due Process Clause of the Fourteenth Amendment. *See Sain v. Wood,* 512 F.3d 886, 893 (7th Cir. 2008); *Kalinowski v. Bond,* 358 F.3d 978, 979 (7th Cir. 2004). The Due Process Clause prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005). But "[a] condition of confinement may be imposed on a pretrial detainee without violating the Due Process Clause if it is reasonably related to a legitimate

*and non-punitive* governmental goal." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427–28 (7th Cir. 1996) (emphasis added).

Under these standards, Lingle has adequately alleged that the gaming ban is illegitimately punitive and therefore violates due process. In reviewing the complaint, the district court should have taken as true Lingle's three factual allegations: (1) the gaming devices at Rushville do *not* store data or access the communication networks and therefore do not pose an institutional threat; (2) Rushville banned the devices solely to punish its residents because some of them had sued it; and (3) even if some gaming devices can access or transmit data, the facility can easily ban just those. *See Ortiz v. Downey,* 561 F.3d 664, 669–70 (7th Cir. 2009) (reversing dismissal of prisoner's § 1983 suit because district court could not assume based solely on the complaint that prison had legitimate penological reason to restrict prisoner's exercise of religious beliefs). It also should not have accepted the truth of the memo's assertion that some devices have storage or internet functions, or assumed that banning only the devices with these functions is impractical, because Lingle expressly denied those assertions and conclusions. *See Powers v. Snyder,* 484 F.3d 929, 931–32 (7th Cir. 2007); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454–55 (7th Cir. 1998). Assuming the truth of these allegations, which of course are not yet proven, we conclude that Lingle has stated a claim for the denial of due process.

We pause to add that if the defendants can show that the safety rationale stated in the memo is reasonably well founded, Lingle cannot prevail even if he procures evidence that the safety rationale is a "pretext" for retaliation. We have observed, albeit in dicta, that the question whether a ban on speech is rationally related to legitimate institutional goals is "an objective inquiry;" the subjective motives of those who implement the ban should not matter. *See Hammer v. Ashcroft,* 570 F.3d 798, 802–03 (7th Cir. 2009) (en banc) (concluding on summary-judgment record that subjective reason for banning some prison speech is irrelevant if ban is otherwise objectively rational). But without a factual record, the district court could not properly determine that Rushville has a reasonable basis for determining that gaming devices at the facility can transmit or store data, or that if some do, limiting a ban to just those devices is impractical. The court should have allowed the parties to litigate whether the ban's asserted rationale has no basis in evidence and was only punitive, which is impermissible under the Fourteenth Amendment, *see Antonelli,* 81 F.3d at 1429, or is valid because professional judgment may reasonably conclude from the evidence that the ban supports the well-being of the sexually violent detainees at Rushville, *see West v. Schwebke,* 333 F.3d 745, 748 (7th Cir. 2003).

Lingle's additional arguments that his complaint also states other constitutional claims were raised for the first time in his reply brief and thus are waived. *Nationwide Ins.*

*Co. v. Cent. Laborers' Pension Fund,* 704 F.3d 522, 527 (7th Cir. 2013); *United States v. Vallone,* 698 F.3d 416, 448 (7th Cir. 2012).

Accordingly, we VACATE in part and REMAND for further proceedings consistent with this order.