EMORY G. SNELL, JR. *vs.* DEPARTMENT OF CORRECTION. January 4, 2011. *Constitutional Law,* Right to petition government. *Practice, Civil,* Declaratory proceeding. *Imprisonment.*

Emory G. Snell, Jr., appeals pro se from a judgment of a single justice of this court denying his request for declaratory and related relief. He also appeals from the single justice's denial of his request for reconsideration.

Snell is serving a prison sentence at Old Colony Correctional Center. It appears from the record before us that, in March, 2009, he attempted to mail five letters from the prison to various government officials using Department of Correction (department) envelopes with preprinted return addresses, superimposing his name, as printed on labels, over the words, "Commonwealth of Massachusetts, Department of Correction." The letters were confiscated by prison officials and a disciplinary report issued against Snell for using the envelopes "in violation of institutional rules." Although he was offered the opportunity to remove the contents of the envelopes and surrender only the envelopes themselves, he refused to do so. Snell filed a prison grievance seeking monetary damages and, apparently, that his letters be mailed, to no avail.

Thereafter, Snell filed in the county court a "Complaint/Petition for Declaratory Judgment by way of Superintendency of the Inferior Court Specifically for Enforcement of [G. L.] c. 127, § 87 and 103 [Code Mass. Regs. §] 481.09-12." He claimed that his right to petition the government was infringed by the confiscation of his letters. He also filed a supplemental request that the single justice order counsel for the department to produce the letters to the court. The single justice dismissed Snell's petition for the reasons articulated by the department. Those reasons included that Snell was able, as a general matter, to mail materials without using official prison envelopes — for example, because he had done so in his mailings to the court in this case — and that Snell could have mailed the five letters at issue here in nonofficial envelopes had he accepted the offer to remove his letters from the prison's envelopes. Snell filed a motion to reconsider and a request for a "summons" duces tecum for the five letters, both of which were denied by the single justice.

Snell has provided no factual or legal basis on which to question the correctness of the single justice's rulings. Before the single justice, he did not deny that he attempted to send letters using official prison envelopes; that doing so violated prison rules; and that he was given the opportunity to resend the letters using regular envelopes. For these reasons, we conclude that the single justice did not err in denying the relief sought.[1]

---

[1]Insofar as Snell raises issues and arguments on appeal that were not raised before the single justice, we do not address them.

A complaint for declaratory judgment under G. L. c. 231A normally concludes with a declaration of the rights of the parties rather than a dismissal. See *Hannan* v. *Enterprise Publ. Co.*, 341 Mass. 363, 365 (1960). The matter is remanded to the county court for entry of a judgment declaring that Snell's right to petition the government was not violated in these circumstances.

*So ordered.*

*Emory Snell, Jr.*, pro se, submitted a brief.