NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 5, 2012[*]
Decided December 5, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1807

| | |
|---|---|
| NATHAN ANTOINE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 07-453-GPM |
| | |
| ANTHONY RAMOS, et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Nathan Antoine, a prisoner at Menard Correctional Center in Illinois, filed a civil-rights action under 42 U.S.C. § 1983 naming 20 prison employees as defendants. From the 75-page complaint and its 207 pages of exhibits, the district judge gleaned four distinct claims against unrelated defendants, including one asserting that guards Robert Robertson, Clifford Bradley, Charles McDaniel, and Anthony Ramos violated the First Amendment by

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

retaliating against Antoine for filing grievances. The district court allowed only that claim against those four defendants to proceed past screening, *see* 28 U.S.C. § 1915A, and later granted summary judgment for the defendants. Antoine challenges that ruling. We conclude that a jury reasonably could find that Robertson fabricated a disciplinary report to retaliate against Antoine for filing grievances, and thus we vacate the judgment in part and remand for further proceedings but only against that defendant.

Antoine filed numerous grievances between March and September 2005 concerning sanitary conditions at Menard. Discovery focused the litigation on two acts of suspected retaliation for those grievances: a shakedown of Antoine's cell conducted by Robertson and Bradley, allegedly on orders from McDaniel and Ramos, and a disciplinary ticket that Robertson supposedly fabricated.

One of Antoine's grievances was submitted on September 4 and received by a correctional counselor on September 6. A notation written on the grievance by the counselor before she answered it on September 9 memorializes that she had discussed it with Antoine's cellhouse "supervisors" (which, Antoine assumes, meant McDaniels and Ramos). The notation is not dated, but Robertson and Bradley conducted the shakedown on September 7 and found among Antoine's property a sewing needle and legal papers belonging to other inmates. Robertson gave Antoine a disciplinary ticket for possessing these contraband items, and Antoine later admitted the infractions and was penalized with 60 days in segregation. Robertson also issued a second disciplinary ticket on September 8, this time accusing Antoine of engaging in "intimidation and threats" by threatening to sue him. Antoine disputed this charge but was found guilty of the lesser infraction of "insolence" and punished with 30 more days in segregation. During discovery Antoine conceded his possession of the contraband needle and papers, but he claimed that the shakedown had been conducted in retaliation for his grievances. On the other hand, Antoine insisted that Robertson's accusation that he had threatened a lawsuit was false.

At summary judgment the defendants argued that Antoine had not produced evidence showing anything more than temporal proximity between his grievances and the "retaliatory" shakedown and disciplinary ticket. Those actions could not be deemed retaliatory, the defendants contended, because they had denied knowing about Antoine's grievances. Moreover, the defendants continued, they had a legitimate reason to search Antoine's cell: His cellmate had told them about the contraband. In opposition Antoine countered that, after the shakedown, Robertson had said, "I finally got your grievance filing ass." This statement, according to Antoine, proves that his grievances motivated the shakedown. What's more, Antoine argued, the falsity of the September 8 disciplinary ticket evidences a retaliatory motive.

In granting summary judgment, the district judge accepted that a jury could find from the evidence, viewed in the light most favorable to Antoine, that the grievances were known to McDaniel, Ramos, and Robertson (but not Bradley). The court also acknowledged, in addressing the shakedown, that a jury could infer from its close proximity to the September 4 grievance that Robertson had desired to retaliate. Yet the court reasoned that the tip from Antoine's cellmate had given the defendants a legitimate, non-retaliatory reason for the shakedown, and thus Antoine could not rest his retaliation claim on that adverse action. And neither could Antoine base a retaliation claim on the allegedly fabricated disciplinary ticket, the court reasoned, because *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), would preclude that theory.

To establish a prima facie case of retaliation, an inmate must produce evidence that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *See Kidwell v. Eisenhaur*, 679 F.3d 957, 965 (7th Cir. 2012) (clarifying allocation of evidentiary burdens at summary judgment in light of *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167 (2009)); *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011) (same). If the inmate satisfies these elements, the burden shifts to the defendants to rebut the causal inference with evidence showing that they would have taken the same action even without any retaliatory motive. *See Kidwell,* 679 F.3d at 965; *Greene*, 660 F.3d at 979.

Grieving about prison conditions is protected First Amendment activity, *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012), and Antoine argues that the temporal proximity of his various grievances and the use of his cellmate as an informant raise an inference that his First Amendment activity was a motivating factor for the shakedown. The defendants are not liable, however, if they would have conducted the shakedown no matter what, *see Kidwell,* 679 F.3d at 967; *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009), and their intention to do so is not disputed. Antoine concedes that the defendants received accurate information about the contraband in his cell, and he does not dispute that prison guards always are free to search a cell. *See* ILL. ADMIN. CODE tit. 20 § 501.220(b)(1) ("All committed persons and their clothing, property, housing and work assignments are subject to search at any time."). Neither does Antoine contend that if not for his grievances the defendants would have skipped the shakedown after receiving the tip from his cellmate. Antoine speculates that the defendants wanted to retaliate for his grievances and thus bribed his cellmate to act as an informant; he did not offer evidence to substantiate this accusation, but whether he is correct is irrelevant since he did not have an interest in having his cell free of jailhouse informants. *See Peckham v. Wis. Dep't of Corr.,* 141 F.3d 694, 697 (7th Cir. 1998) (recognizing considerable deference given to prisons to run their institutions); *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985) (noting government interest in using informants to

maintain institutional safety and discipline). The defendants therefore cannot be liable and summary judgment was proper.

We reach a different result concerning the September 8 disciplinary ticket issued by Robertson. Antoine argues, and we agree, that the district court was mistaken in believing that, because Antoine had been disciplined for the alleged infraction, *Edwards* and *Heck* bar him from litigating this theory of retaliation in a suit under § 1983. These decisions may thwart a civil-rights suit if a judgment in favor of the inmate necessarily would imply that he was wrongly disciplined with a loss of good time, *see Edwards*, 530 U.S. at 647–48; *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011), but the bar imposed by *Edwards* and *Heck* has no application to an inmate who was punished only with segregation, *see Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Simpson v. Nickel,* 450 F.3d 303, 307 (7th Cir. 2006). Antoine's contention that the disciplinary ticket was fabricated in retaliation for engaging in protected speech therefore is properly within the scope of a § 1983 suit.

Whether or not Antoine made the threat is a disputed fact for a jury to decide. *See Mays,* 575 F.3d at 650. Antoine testified by affidavit and at his deposition that he never threatened Robertson. Antoine's account directly contradicts Robertson's affidavit stating that he issued the disciplinary ticket because Antoine had threatened to sue him. We may not assess either party's credibility or choose between their conflicting evidence. *See Pagel v. TIN Inc.,* 695 F.3d 622, 628 (7th Cir. 2012); *Stokes v. Bd. of Educ. of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010); *Mays,* 575 F.3d at 650. We therefore vacate the grant of summary judgment on Antoine's claim of retaliation concerning the September 8 disciplinary ticket but only as to Robertson. Antoine explains in his deposition that this incident was "Robertson all the way," which exonerates McDaniel, Ramos, and Bradley. And though Robertson presses his defense of qualified immunity (which he raised in the district court), that defense offers him no protection because a prisoner's First Amendment right to file grievances is clearly established. *See, e.g., Gomez*, 680 F.3d at 866; *Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996).

Last, Antoine argues that the district court should not have dismissed the other named defendants at screening because, he insists, they all conspired to retaliate for his grievances about the prison's sanitary conditions. But this attempt to spin a cohesive theme from the disparate claims in his complaint—which include allegations about exposure to environmental hazards and the denial of medical care—lacks merit. Not only does the complaint fail to comply with the "short and plain statement" mandate of Federal Rule of Civil Procedure 8(a), *see Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011); *Stanard v. Nygren,* 658 F.3d 792, 797–98 (7th Cir. 2011), but the district court should have rejected Antoine's attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them, *see Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v.*

*Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The district court instead did its best to parse Antoine's voluminous filing, and Antoine neither contests the court's construction of his complaint nor argues that the court erred in dismissing his other claims. We will not hear him complain now that the court overlooked an allegation that other defendants conspired with Robertson and the three other guards.

Accordingly, the judgment is VACATED as to defendant Robertson, and the case is REMANDED for further proceedings on the claim that Robertson retaliated against Antoine by falsifying the disciplinary ticket he issued on September 8, 2005. In all other respects the judgment is AFFIRMED.