DITKOFF, J.
*804 *90 The plaintiff, Arthur Cournoyer, appeals from a Superior Court judgment dismissing his claims for declaratory judgment and specific performance against the defendants. The plaintiff argues that the Department of State Police (department) is required by G. L. c. 22C, § 24A, to develop individualized training programs for former State police troopers seeking reinstatement, rather than require them to complete recruit training at the State police academy (academy). Concluding that the statute is unambiguous and that the department may require former troopers separated for more than three years to complete recruit training, we affirm, ordering that the judgment be modified to declare the rights of the parties.
1. Standard of review. We review a ruling on a motion to dismiss de novo, *91 Rodriguez v. Massachusetts Bay Transp. Authy., 92 Mass. App. Ct. 26, 28, 80 N.E.3d 365 (2017), taking the complaint's allegations as true, as well all reasonable inferences drawn in the plaintiff's favor, Saliba v. Worcester, 92 Mass. App. Ct. 408, 412, 87 N.E.3d 100 (2017). To survive a motion to dismiss, the plaintiff must present factual allegations that rise above the level of speculation, Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, 888 N.E.2d 879 (2008), and plausibly suggest an entitlement to relief, Flagg v. AliMed, Inc., 466 Mass. 23, 26, 992 N.E.2d 354 (2013).
2. Background. The plaintiff was a State police trooper from 1992 until 2000.[2] While so employed, the plaintiff received positive performance evaluations, and he completed all required in-service training in addition to numerous programs, certifications, and service in specialized areas of law enforcement. In 1998, however, the plaintiff suffered a severe injury while on duty, requiring medical leave and ultimately causing his involuntary retirement in 2000. Following several operations and physical rehabilitation, the plaintiff was able to obtain employment, working for the Worcester County sheriff's department and obtaining a private investigator's license.
In 2013, the plaintiff learned of the possibility of reinstatement as a State police trooper following involuntary retirement and applied to the Public Employee Retirement Administration Commission (PERAC) seeking to return to active status. After a panel of medical doctors determined that the plaintiff was medically fit to perform the essential duties of a State trooper, PERAC approved the plaintiff's application.
After completing qualifying physical fitness and agility tests, the plaintiff enrolled in the first available recruit training program at the academy in October, 2015. Recruit training is similar to a military "boot camp," and involves activities designed to, among other things, inculcate recruits with a proper respect for the chain of command. The plaintiff was the only former State trooper enrolled at that time. The plaintiff was approximately fifty-eight years old; the recruits were younger than thirty-five years old when they applied to take the State trooper competitive examination. See G. L. c. 22C, § 10.
Once there, the plaintiff was subjected to what he described as "hazing" by the drill instructors, such as being yelled at for "eyeballing"
*92 a drill instructor, being required to chant while holding a tray of food, and being required to eat and stop eating when directed. On the first day, he *805 met with the academy's commanders and expressed his belief that recruit training was inappropriate for an experienced former trooper with his qualifications. The commanders, while expressing sympathy, advised him that the program was a mandatory prerequisite to reinstatement. The plaintiff promptly departed the academy and thereby failed to complete the required training. Nonetheless, he refused to tender his resignation and maintained that he was entitled to reinstatement through completion of individualized in-service training.
The plaintiff filed a complaint in Superior Court requesting declaratory judgment and specific performance, essentially to require his reinstatement upon the completion of refresher training. A Superior Court judge dismissed his complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), for failure to state a claim upon which relief could be granted.
3. Discussion. "In interpreting the meaning of a statute, we look first to the plain statutory language. 'Where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent,' " Worcester v. College Hill Properties, LLC, 465 Mass. 134, 138, 987 N.E.2d 1236 (2013), quoting from Martha's Vineyard Land Bank Commn. v. Assessors of W. Tisbury, 62 Mass. App. Ct. 25, 27, 814 N.E.2d 1147 (2004), which it is our primary duty to effectuate. Malloch v. Hanover, 472 Mass. 783, 788, 37 N.E.3d 1027 (2015). Accordingly, where the statutory language is clear, its plain meaning should be applied "unless to do so would achieve an illogical result." Sullivan v. Brookline, 435 Mass. 353, 360, 758 N.E.2d 110 (2001).
The controlling statute, G. L. c. 22C, § 24A, is not ambiguous. Subsection (a ), inserted by St. 2000, c. 159, § 52,[3] provides that any member seeking reinstatement after more than one year of disability retirement must pass background, medical, and physical fitness tests, "and complete retraining as determined by the colonel." Subsection (d ) states that "[a]ny member, retired for disability for more than three years shall not return to active service for the department if such member fails to meet the requirements set forth in paragraph (a ) and fails to complete state police academy training as required by the colonel" (emphases supplied). By its plain language, the statute grants the colonel discretion to require different retraining requirements for reinstatement *93 depending on the length of the disability retirement. See Commonwealth v. Williamson, 462 Mass. 676, 682, 971 N.E.2d 250 (2012), quoting from Ginther v. Commissioner of Ins., 427 Mass. 319, 324, 693 N.E.2d 153 (1998) ("Where the Legislature used different language in different paragraphs of the same statute, it intended different meanings"). No interpretation is required, as the plain language is conclusive as to the legislative intent.
The training prescribed by the colonel and applied by the department in this case is within the broad discretion afforded the colonel by § 24A. Under General Order ADM-11E, a trooper seeking reinstatement after a separation of more than one year but fewer than three years must be evaluated by a commander "regarding any additional training required." By contrast, the colonel requires former troopers seeking reinstatement after more than three years' separation from service to complete recruit training. Recruit training is conducted at the academy by academy personnel. Accordingly, recruit training is "state police academy training as *806 required by the colonel" within the meaning of § 24A(d ). See Sullivan, 435 Mass. at 360, 758 N.E.2d 110 ("The language is not susceptible of a different reading"). Furthermore, this recruit training is consistent with the broad authority conferred to the colonel to direct State police training under G. L. c. 22C, § 10.[4]
The plaintiff requests that the colonel be required to provide him "with refresher training in skilled driving, firearm recertification, latest developments in law enforcement, criminal law, motor vehicle law, evidence, identification, ethics, court procedures, diversity awareness, community policing and other reasonable and appropriate course subject matter." This invitation for court management of the State police training, however, is inconsistent with the Legislature's decision to vest discretion in the colonel to decide the proper scope of retraining. Interpreting § 24A(d ) to require this sort of training, rather than "state police academy training as required by the colonel," "would require that we 'read into [the] statute a provision which the Legislature did not see fit to put there, [and to] add words that the Legislature had an option to, but chose not to include.' " Malloch, 472 Mass. at 790, 37 N.E.3d 1027, quoting from Massachusetts Insurers Insolvency Fund v. Smith, 458 Mass. 561, 567, 940 N.E.2d 385 (2010).
*94 Instead, we apply the statutory mandate of § 24A(d ) and defer to the discretion exercised by the colonel. In this regard, we recognize that individualized retraining programs for long-retired former troopers could impose unnecessary costs to the department with haphazard results. Accord Sullivan, 435 Mass. at 362, 758 N.E.2d 110 ("required retraining ensures that former retirees are fully prepared to perform the duties imposed by their positions, reducing the risk of reinjury and liability to third parties"). Rather, "the statutory language means precisely what it says," Malloch, 472 Mass. at 789, 37 N.E.3d 1027, and the plaintiff's failure to complete recruit training as expressly required "is fatal to [his] claim," Facella v. Newton, 69 Mass. App. Ct. 459, 464, 868 N.E.2d 658 (2007) (former city police officer properly denied reinstatement for failure to complete retraining program required by analogous statute).
4. Conclusion. Although there was no error in the allowance of the motion to dismiss the complaint, the judge was required to declare the rights of the parties. See Snell v. Department of Correction, 458 Mass. 1021, 1022, 940 N.E.2d 1230 (2011). The judgment shall therefore be modified to declare that the colonel has the discretion to require the plaintiff to complete recruit training prior to reinstatement. As so modified, the judgment is affirmed.
So ordered.

The plaintiff was previously employed as a police officer for the town of East Brookfield and the town of Warren, then served as a metropolitan police officer from 1987 until the metropolitan police agency merged with the department in 1992.

This legislative history is the same for all subsections of G. L. c. 22C, § 24A.

The requirements of § 24A(d ) are not inconsistent with the limitations imposed by G. L. c. 22C, § 10, as applied here. The age limit of younger than thirty-five years governs only those applying to take the competitive examination for initial enlistment under G. L. c. 22C, § 11, and not to former troopers such as the plaintiff.