In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2026

CARL CASTETTER,

*Plaintiff-Appellant*,

*v.*

DOLGENCORP, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:17-cv-00227-TLS — **Theresa L. Springmann**, *Chief Judge.*

ARGUED DECEMBER 12, 2019 — DECIDED MARCH 25, 2020

Before BAUER, EASTERBROOK, and ST. EVE, *Circuit Judges*.

BAUER, *Circuit Judge.* Carl Castetter brings this appeal against his former employer, Dolgencorp, LLC, d/b/a Dollar General ("Dollar General"), for disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). Dollar General contends Castetter was terminated for policy violations. The district court granted summary

judgment in favor of Dollar General and for the following reasons, we affirm.

## I.  BACKGROUND

Carl Castetter underwent treatment for various forms of cancer during his employment with Dollar General. After returning from a few months of medical leave, he applied, but was not hired as a District Manager. Three months later, he secured a District Manager position in Fort Wayne, Indiana. Castetter was responsible for managing stores and store managers in his district. His responsibilities included recruiting, training, and ensuring that proper employee paperwork and background checks were completed.

Castetter reported to two regional managers: Jerry Chupp for a few months, but at all other times to Mark Hubbs. During his time with Chupp, Chupp instructed Castetter to locate a missing GPS device. After three days of searching, an employee informed Castetter that Chupp had already located the GPS device and instructed her to not inform Castetter it had been found. Later, Chupp identified deficiencies in Castetter's stores, including items that were out of stock, high employee turnover, and stores that were not customer ready. Chupp implemented a performance plan for Castetter to improve the stores in his district.

Castetter wrote a letter to Hubbs describing Chupp's improper characterization of both the plan and his performance as District Manager. He further detailed Chupp's unprofessional conduct. The letter did not include any references to cancer, medical leave, disability, or discrimination. Hubbs claims he did not receive the letter.

Castetter testified that when Hubbs returned, Hubbs mocked and demeaned him. He cites instances where Hubbs made Castetter get on his hands and knees to straighten a product slightly out of alignment. Hubbs made various unprofessional comments, including "I am going to sit here in a lounge chair and watch you work until you drop" and "I know [sic] three people who had what you had, and they all died."

In January 2016, Hubbs and Brittany Smith from human resources reviewed Castetter's performance and issued a Final Written Counseling detailing Castetter's unprofessional conduct, discussions, and violations of Dollar General's policies. In April 2016, Sarah Price from human resources reported Castetter's policy violations, and recommended he be terminated. The violations included employees who had not completed the hiring process and were working without pay, insufficiently trained employees, understaffed stores, high employee turnover, and a cash discrepancy. She cited concerns that Castetter failed to process various employment documents and background checks.

After reviewing this information and the past improvement plan, Dollar General placed Castetter on another improvement plan, providing benchmarks for the stores in his region. In a subsequent visit to the store, human resources discovered numerous ongoing violations, including a non-employee attending an employee meeting and the failure to process employment documents. Castetter attempted to delegate this task to his subordinate, who had no authorization to hire individuals for other district stores.

Another unpaid non-employee whose paperwork was incomplete was given security access without passing background and drug tests and was found to be stealing food from the store. The non-employee admitted he stole food because he hadn't been paid for three weeks due to his employee paperwork not being processed. Dollar General terminated Castetter, believing Castetter was unwilling to take responsibility and remedy the violations in his stores.

Castetter brought a disability discrimination action against Dollar General. The district court granted summary judgment in favor of Dollar General, which Castetter now appeals. The parties do not dispute that Castetter's cancer is a disability. The issue on appeal is whether a reasonable jury could determine, based on the evidence in the record, that Castetter's disability was the cause of his termination.

## II. DISCUSSION

We review a grant of summary judgment *de novo*. *Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC*, 941 F.3d 311, 313 (7th Cir. 2019). The movant must show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the party opposing a motion for summary judgment. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 762 (7th Cir. 2016).

Employers may not discriminate against a "qualified individual" based on his disability. A disability discrimination claim under the ADA requires proof that: (1) the plaintiff was disabled; (2) the plaintiff was otherwise qualified to perform

essential functions with or without reasonable accommodation; and (3) disability was the "but for" cause of the adverse employment action. *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019) (citing *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503–04 (7th Cir. 2017)).

Plaintiffs are entitled to seek burden-shifting framework. Here, Castetter does not seek the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Instead, Castetter elects to pursue an *Ortiz* approach of "whether the evidence [considered as a whole] would permit a reasonable factfinder to conclude" that Dollar General terminated Castetter because of his cancer. *Ortiz*, 834 F.3d at 765.

The parties agree that Castetter's cancer diagnosis is considered a disability under the ADA. The parties further agree that he was otherwise qualified to perform essential functions of the job with or without reasonable accommodation regarding his disability. Therefore, we consider whether Dollar General terminated Castetter due to his disability.

Castetter contends that the evidence, as a whole, would lead a reasonable jury to find Dollar General terminated him due to his disability. Castetter first claims that comments and actions from Hubbs and Chupp provide a discriminatory animus regarding cancer. However, isolated comments must be contemporaneous with termination or causally related to the termination process in order to be probative of discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (O'Connor, J., concurring). Castetter states Hubbs and Chupp were the only two in Dollar General to discriminate against

him but provides no evidence that the comments or conduct from his supervisors were contemporaneous with or part of the decision to terminate him. Castetter fails to meet the requisite showing of discriminatory intent by showing a causal nexus between the unprofessional remarks and the decision to terminate him. *Geier v. Medtronic, Inc.*, 99 F.3d 238, 242 (7th Cir. 1996).

Next, Castetter claims that Dollar General discriminated against him when they terminated him and did not terminate his subordinate for the same reason. Castetter delegated his district manager responsibilities of hiring and completing payroll documents to a subordinate. Because she could not complete the hiring paperwork, the applicants remained non-employees and remained unpaid. Dollar General argues that management decisions cannot be delegated to a subordinate. The termination resulting from his failure to adhere to his District Manager responsibilities cannot be compared with discipline of a subordinate whose District Manager imposed responsibilities beyond the scope of her employment. Therefore, the district court accurately concluded Castetter failed to show a discriminatory animus by Dollar General.

Castetter also contends that Dollar General's reason for firing him was pretextual. "The only concern in reviewing an employer's reasons for termination is the honesty of the employer's beliefs." *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 419 (7th Cir. 2006) (citing *Balderston v. Fairbanks Morse Engine Division*, 328 F.3d 309, 323 (7th Cir. 2003)). To show Dollar General's beliefs to not be credible, Castetter must provide evidence that he was fired for reasons other than those provided, the reasons had no grounding in fact, or were

insufficient to warrant termination. *Senske v. Sybase, Inc.*, 588 F.3d 501, 507 (7th Cir. 2009). He must show that "but for" his cancer, he would not have been terminated. *Id.* Dollar General argues it terminated Castetter for violations concerning compliance with processing employment documents, providing key authorizations to individuals without performing proper background checks, and failure to discover a cash discrepancy in one of his stores. At the time of his termination, Dollar General did not believe Castetter was performing his role as a District Manager adequately. Castetter has not provided evidence that Dollar General's reason for termination is pretextual. He has failed to rebut the voluminous evidence showing his deficiencies as District Manager. The district court correctly determined the honesty of Dollar General's beliefs and its reason for firing Castetter was not pretextual.

Finally, Castetter does not cite any evidence that would allow for a reasonable inference that his employer did not have honest concerns about his professionalism and work ethic. Taken as a whole, Castetter's claims are insufficient to meet the level of proof that Castetter's disability was the "but for" cause of his termination.

### III.  CONCLUSION

We AFFIRM the district court's proper grant of summary judgment.