In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3380

ELIJAH MANUEL,

*Plaintiff-Appellant*,

*v.*

NICK NALLEY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:15-cv-00783-SMY-RJD — **Staci M. Yandle**, *Judge.*

ARGUED FEBRUARY 20, 2020 — DECIDED JULY 20, 2020

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges*.

BAUER, *Circuit Judge.* Elijah Manuel sued prison personnel under 42 U.S.C. § 1983, claiming First Amendment violation when his cell was searched following a disagreement over a grievance procedure. The district court allowed Manuel to proceed on these claims, eventually granting summary

judgment in favor of the prison personnel. For the following reasons, we affirm.

## I. BACKGROUND

While serving his prison sentence, Manuel assisted his disabled cellmate. The cellmate requested a change of rooms and became hostile toward Manuel. Manuel reported this but no action was taken. The cellmate soon thereafter beat Manuel into unconsciousness with his wheelchair's foot.

Officer Nick Nalley investigated the attack. Manuel submitted a grievance to Counselor Cindy Miller, alleging that the prison failed to protect him from a known and foreseeable attack. Manuel filed several more grievances and requested status updates from Miller. Miller failed to respond. Manuel filed a civil complaint against the warden and others.

Later, an inmate informed prison personnel that Manuel approached him and another inmate and asked them to file fraudulent petition paperwork regarding the altercation with the disabled cellmate. Neither of the men approached were present for the altercation nor had personal knowledge of the incident and refused to participate in the petition. The prison filed an incident report and shakedown slip.

About two weeks later, Manuel again sought a status update concerning his grievances from Miller. They disagreed on the amount of time necessary to respond. The conversation ended when Miller asked Manuel if he was going to file a grievance against her, to which he responded "maybe." Nine minutes later, Nalley searched Manuel's cell following the shakedown slip and confiscated a handwritten note describing

trading and trafficking, two forged handwritten letters describing the incident with the disabled cellmate, two typed letters addressed to the court, and a contraband cassette tape. The prison Adjustment Committee held a hearing, finding Manuel guilty of forging documents and possessing contraband.

The district court parsed through Manuel's complaint and extracted three legal claims: a First Amendment retaliation claim against Miller and Nalley, a claim to invoke prosecution of the cellmate who assaulted Manuel, and a claim of harassment by unidentified prison employees. The court dismissed the second and third claims and allowed the first to proceed. Manuel amended his complaint to include a constitutional violation against other prison personnel for Eighth and Fourteenth Amendment violations. The district court dismissed the additional claims with prejudice and granted Miller and Nalley's motion for summary judgment.

## II. DISCUSSION

We review the district court's grant of summary judgment *de novo* in the light most favorable to the non-movant. *Castetter v. Dolgencorp, LLC*, 953 F.3d 994, 996 (7th Cir. 2020). Summary judgment may be granted only if there is "no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a).

A prison official may not retaliate against an inmate because he filed grievances under the First Amendment. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a

deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation. *Id.* at 965. "Circumstantial evidence may include suspicious timing, ambiguous statements, behavior, or comments directed at other[s] … in the protected group." *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 350 (7th Cir. 2009). Once a prima facie case is established, the burden shifts to the defendant to rebut the claim, that the activity would have occurred regardless of the protected activity. *Kidwell,* 679 F.3d at 965. Once established, the petitioner must demonstrate the proffered reason is pretextual or dishonest. *Id.* at 969.

The parties agree that Manuel was engaged in activity protected by the First Amendment when he filed grievances and a deprivation in the form of a shakedown occurred that would likely deter future activity. However, the parties disagree that the protected activity was a motivating factor in the decision to take retaliatory action. Manuel claims the timing of his heated conversation with Miller occurring only minutes before Nalley came to Manuel's cell for a shakedown is enough circumstantial evidence to show Nalley's conduct was "at least a motivating factor."

Suspicious timing alone will rarely be sufficient to create a triable issue because "[s]uspicious timing may be just that—suspicious—and a suspicion is not enough to get past a motion for summary judgment." *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011).

The proximity between Manuel and Miller's conversation and the shakedown does not create an inference that Nalley knew of the protected activity. Other, non-retaliatory motive for the shakedown exists here. Nalley conducted the search based on contraband in the disciplinary report filed two weeks earlier that was found in his cell.

In order to succeed, Manuel needed to furnish evidence that would allow a reasonable jury to find that his protected speech was at least a motivating factor for Nalley's response. The suspicious timing of the shakedown shortly after the conversation with Miller is not enough to prove that Nalley was motivated by the protected activity and the shakedown was retaliation. Manuel fails to establish a prima facie case.

Manuel presents no evidence that a reasonable jury could infer Nalley searched his cell due to a retaliatory motive. Therefore, he fails to establish a prima facie case of First Amendment retaliation.

## III. CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of Officer Nalley and Counselor Miller.