**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021*
Decided March 12, 2021
Amended April 1, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2217

| | |
|---|---|
| CHADD A. MORRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 4:20-cv-04092-JES |
| | |
| GREGG SCOTT, *et al.,* | James E. Shadid, |
| *Defendants-Appellees.* | *Judge.* |

**AMENDED ORDER**

Chadd Morris, a civil detainee at a state facility, sued several of the facility's staff members for confiscating audio cassette tapes in violation of the First and Fourteenth Amendments. The district court dismissed the case at screening, correctly concluding that Morris's complaint failed to state a due-process claim under the Fourteenth Amendment. But because the court overlooked Morris's allegations of a First

---

*Appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Amendment retaliation claim against two of the defendants, we vacate the judgment in part, affirm in part, and remand for further proceedings.

As set forth in his complaint, the allegations of which we accept as true for present purposes, *see Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020), Morris had audio cassette tapes confiscated while at the Treatment and Detention Facility in Rushville, Illinois. He alleged that he was authorized to have the tapes, despite a general policy banning possession of recordable media. But members of the facility's staff, including defendants Michael Kerr and Gary Kulhan, learned about the tapes and conducted a "shakedown" of his room to confiscate them as contraband. Morris filed a grievance and was told by a grievance officer that some of the tapes were not contraband and would be returned. They never were. Morris sued Kerr, Kulhan, and five other staff members under 42 U.S.C. § 1983, alleging that they took the tapes to retaliate against him for previous complaints and ignored the facility's procedures for confiscating prohibited objects, in violation of the First and Fourteenth Amendments.

The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915A. It explained that Morris could pursue a post-deprivation remedy in the Illinois Court of Claims for his confiscated tapes, so he was afforded all the process he was due. And because any amendment to the complaint would have been futile, the court dismissed the case.[1] The court said nothing about Morris's allegations of retaliation. Morris filed two motions for reconsideration, arguing that the court misunderstood allegations in his complaint and "never evaluated" his "other claims." The court denied both motions because Morris had not shown that it made an error of law. *See* FED. R. CIV. P. 59(e).

On appeal, Morris contends that he is not a prisoner under 28 U.S.C. § 1915A, so the district court should not have screened his complaint. Morris is detained under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1–99. We have never stated that a person detained under that Act meets the definition of a prisoner set forth in § 1915A. *See Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). But the district court nevertheless properly screened Morris's complaint because it allowed him to proceed

---

[1] The court stated that the dismissal was "without prejudice." But because that disposition is inconsistent with the court's determination that amendment would be futile and with its entry of a final judgment under Federal Rule of Civil Procedure 58, the dismissal was, in effect, with prejudice. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020-21 (7th Cir. 2013).

without prepayment of filing fees. The court thus was required to dismiss the complaint after determining that Morris failed to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if screening were proper, Morris next argues, the district court overlooked his allegations that the defendants violated the due-process clause of the Fourteenth Amendment when they confiscated his tapes. But these allegations do not state a due-process claim because Morris had an adequate post-deprivation remedy available to him in the Illinois Court of Claims. *See* 705 ILCS 505/8(a), (d); *Turley v. Rednour*, 729 F.3d 645, 653–54 (7th Cir. 2013). Unauthorized deprivations of property violate the due-process clause only when no post-deprivation procedures are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wynn v. Southward*, 251 F.3d 588, 592–93 (7th Cir. 2001).

Morris relatedly asserts that the district court "failed to review, mention, and evaluate" his claim of retaliation in violation of his First Amendment right to use the prison grievance system.

To plead a retaliation claim, Morris needed to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Morris's complaint is a lengthy recitation of the circumstances surrounding the confiscation of his tapes, but his pro se allegations—liberally construed, *see Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017)—state a claim of retaliation. Regarding the first element, Morris alleged that he filed grievances and at least one lawsuit against the facility's staff, *see Morris v. Smock*, No. 19-4089-CSB, 2019 WL 10374332 (C.D. Ill. May 17, 2019), and those filings are protected activities. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, he alleged suffering a deprivation—a targeted search and the confiscation of his property—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter First Amendment activity); *Bridges*, 557 F.3d at 552 (delays in incoming and outgoing mail and other forms of harassment by prison officials); *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020) (cell search). Finally, Morris alleged that Kerr and

Kulhan executed the shakedown and took his tapes because of his protected conduct—telling him that this is what he got for "f***ing with them" by "filing so many grievances/lawsuits on/against the Rushville facility." These allegations suffice to state a claim for First Amendment retaliation against the two officers.

Because Morris stated a claim for First Amendment retaliation against Kerr and Kulhan, we VACATE the judgment in part and REMAND for further proceedings. We AFFIRM the judgment in all other respects.