NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided August 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2584

| | |
|---|---|
| VANOKA WASHINGTON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 3:18-cv-03099-CSB |
| STEVEN RYAN and JAMIE BERGHAUS, <br> *Defendants-Appellees.* | Colin S. Bruce, <br> *Judge.* |

## O R D E R

Vanoka Washington, then an Illinois prisoner, sued two correctional officers under the First Amendment, alleging that they falsified disciplinary reports about him in retaliation for a grievance that he submitted about misconduct by one of the officers.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*See* 42 U.S.C. § 1983. The district judge concluded that Washington could not prove that the officers were motivated by Washington's grievance and granted the officers' motion for summary judgment. For the same reason, we affirm.

We recount the facts in the light most favorable to Washington. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020). In September 2017, while incarcerated at Western Illinois Correctional Center, Washington submitted a grievance about Lieutenant Steven Ryan. Having received no response two months later, Washington submitted another grievance to request the status of the first. The next month, a grievance officer responded with a form stating that Washington's second grievance would be addressed alongside the original.

The same day Washington received that answer, he had an altercation with Ryan. Ryan approached him in the lunch hall, called him a racial slur and mocked his disability (Washington has no left hand or forearm), then ordered Washington to meet him outside the hall. After Washington obliged, Ryan cuffed him and took him to segregation. There, Washington saw Ryan speak with a correctional officer, Jamie Berghaus, in a utility room. Ryan and Berghaus each wrote disciplinary reports about Washington later that day, charging him with "intimidation or threats" and "dangerous communications." After a hearing officer found him guilty, Washington was punished with four months of segregation and a disciplinary transfer to Hill Correctional Center.

Washington sued Ryan and Berghaus under the First Amendment, alleging that they retaliated against him for submitting the September 2017 grievance against Ryan by writing unfounded disciplinary reports. *See* 42 U.S.C. § 1983. (Washington made additional claims against several prison staff relating to the incident that spurred the September 2017 grievance, but the district judge concluded that Jackson failed to exhaust administrative remedies on those claims and entered partial summary judgment for the defendants. That ruling is not at issue in this appeal.)

Ryan and Berghaus moved for summary judgment, principally arguing that Washington could not show that his grievance motivated them to issue the disciplinary reports. As relevant here, each attested that he was not aware of Washington's grievance about Ryan; further, the grievance officer attested that she did not tell any staff about Washington's grievance. Washington testified that he assumed, based on the timing of the disciplinary report, that the grievance officer had told Ryan about Washington's grievance and that Ryan then told Berghaus about it in the utility room.

The district judge concluded that Washington's argument was based purely on speculation and entered summary judgment for the defendants. Without evidence to combat the defendants' declarations that they did not have knowledge of Washington's grievance, the judge reasoned, Washington was unable to show that Ryan and Berghaus were motivated by the grievance to write the disciplinary reports.

On appeal, Washington generally argues that the judge improperly entered summary judgment for the defendants on the First Amendment claims, and he repeats his allegations that Ryan and Berghaus falsified a disciplinary report in retaliation for his grievance. (To the extent Washington makes an argument against the grievance officer, we ignore it, because she was never made a party to this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).)

We apply de novo review and conclude that Ryan and Berghaus were entitled to summary judgment. *See James*, 959 F.3d at 314. In order to proceed on his claim that the officers punished him for protected speech in violation of the First Amendment, Washington needed evidence that his protected speech was a motivating factor in the defendants' decision to take action against him. *See Jones v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). Even assuming that the grievance was protected speech, *see Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022), Washington did not counter the defendants' evidence of their lack of retaliatory motive with any of his own. *See Jones*, 27 F.4th at 1284. Washington's inferences that the grievance officer told Ryan about the grievance, and that Ryan in turn told Berghaus, are just speculation, which cannot create a genuine issue of material fact. *See id*. at 1284, 1286–87 (cannot infer prison official retaliated against prisoner for actions against another prison official because evidence does not closely link the officials' decisionmaking). Ryan and Berghaus did not know of Washington's grievance, and so the timing that Washington finds suspicious is insufficient evidence to save the claim from summary judgment. *See FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 586 (7th Cir. 2021); *Manuel v. Nalley*, 966 F.3d 678, 681 (7th Cir. 2020).

                                                                                        AFFIRMED