NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1187

SEAN MURPHY

vs.

COMMISSIONER OF CORRECTION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, former inmate Sean Murphy, appeals from a judgment of the Superior Court, granting the defendants, various prison officials, judgment on the pleadings on his claims for administrative review and for violations of 42 U.S.C. §§ 1983, 1985, and 1986.[2]  Concluding that substantial evidence supported the prison's rejection of the plaintiff's grievance alleging retaliation, we affirm the judgment on the administrative claim.

---

[1] Carol A. Mici, commissioner of correction; Jennifer Ladd, classification manager; Dean Grey, superintendent of Souza Baranowski Correction Center; and Misty Byers, director of classification of Souza Baranowski Correction Center.

[2] The plaintiff raises no argument on appeal concerning counts 5 and 6.  Accordingly, any issue concerning those counts is waived.  See Dragonas v. School Comm. of Melrose, 64 Mass. Ap. Ct. 429, 436 n.21 (2005).

We also affirm the judge's determination that the complaint did not make out claims for a civil rights conspiracy under 42 U.S.C. §§ 1985 and 1986.  Concluding, however, that the complaint's allegations that the classification manager overrode two classification recommendations that the plaintiff be placed in minimum security after being sued by the plaintiff provided a plausible claim of First Amendment retaliation, we vacate the dismissal of count 2 as to the classification manager in her personal capacity.

1.  Administrative review.  "Where, as here, an inmate files a grievance against a prison outside the context of an inmate disciplinary hearing, most of the administrative procedures in G. L. c. 30A, including those governing the conduct of adjudicatory proceedings, are inapplicable." Sullivan v. Superintendent, Massachusetts Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 772 (2022).  Nonetheless, "[a] final decision to a grievance shall be subject to judicial review in accordance with" G. L. c. 30A, § 14.  G. L. c. 127, § 38H.  See Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 131-132 (2013).

Under G. L. c. 30A, § 14, "we review such an agency decision to determine whether it is '[b]ased upon an error of law; . . . [u]nsupported by substantial evidence; or . . .

2

[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." Freiner v. Secretary of the Executive Office of Health & Human Servs., 494 Mass. 198, 204 (2024), quoting G. L. c. 30A, § 14 (7). "Substantial evidence 'means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brockton Redev. Auth. v. Executive Office of Hous. & Livable Communities, 105 Mass. App. Ct. 691, 695 (2025), quoting McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 227 (2019). Our review "is limited to the administrative record." Miller v. Superintendent, Mass. Correctional Inst., Shirley, 99 Mass. App. Ct. 395, 400-401 (2021). Our review of the Superior Court's decision is de novo. See O'Leary v. Contributory Retirement Appeal Bd., 490 Mass. 480, 483 (2022).

Here, the plaintiff's grievance asserted that Jennifer Ladd, the Department of Correction classification manager, and Misty Byers, the Souza-Baranowski classification director, "conspired and retaliated against me for the many grievances and lawsuits I have filed and won."[3] In support, the plaintiff asserted that his classification was delayed and resulted in an

_____

[3] We recognize that a classification cannot be the subject of a grievance, see 103 Code Mass. Regs. § 491.11(1)(a) (2017), but the plaintiff's grievance as stated complained about the retaliation, not the classification, and requested no change to the plaintiff's classification.

3

override, and that Ladd "is a Defendant in my 2020 lawsuit in Norfolk Superior Court."[4]  In response, "the Superintendent's Special Investigator (SSI) did look into the issue.  It was determined by the SBCC SSI that there was no staff misconduct." Faced with the plaintiff's entirely circumstantial case of retaliation and the special investigator's determination after an investigation, the superintendent could reasonably choose to credit the special investigator.  "[A] reviewing court may not displace an agency's deliberative choice between two fairly conflicting views of the record evidence."  McGovern, 96 Mass. App. Ct. at 231.  Accordingly, the judge properly declined to disturb the administrative decision.

2.  Federal retaliation claim.  "Where an action for judicial review of an administrative decision is joined with nonadministrative claims, the nonadministrative claims are reviewed as in ordinary civil actions."  Sullivan, 101 Mass. App. Ct. at 775.  "[T]he standards for both a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), are the same."  Matter of

_____

[4] That lawsuit was resolved in favor of the prison and its officials prior to the events here.  See Mahabir v. Crocker, 104 Mass. App. Ct. 242, 245 n.7 (2024) ("In ruling on a motion for judgment on the pleadings, a judge may also take judicial notice of court records in a related case").

4

Colecchia Family Irrevocable Trust, 100 Mass. App. Ct. 504, 516 (2021).  "In reviewing the allowance of a motion to dismiss granted pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we accept the allegations in the complaint as true and draw 'all reasonable inferences in the plaintiff['s] favor.'" Allegaert v. Harbor View Hotel Owner LLC, 100 Mass. App Ct. 483, 486 (2021), quoting Baptiste v. Executive Office of Health & Human Servs., 97 Mass. App. Ct. 110, 114 (2020), cert. denied, 141 S. Ct. 2626 (2021).  "To survive a motion to dismiss, the plaintiff must present factual allegations that rise above the level of speculation, and plausibly suggest an entitlement to relief" (citation omitted).  Cournoyer v. Department of State Police, 93 Mass. App. Ct. 90, 91 (2018).  Our review is de novo. See Doe No. 99 v. Cheffi, 105 Mass. App. Ct. 704, 706 (2025).

"To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."  Jones v. Solomon, 90 F.4th 198, 213 (4th Cir. 2024), quoting Martin v. Duffy, 977 F.3d 294, 299 (4th Cir.

5

2020).[5]  "To make out the third element of the prima facie case, [the plaintiff] must show that his protected activity 'was a substantial or motivating factor for the adverse [action].'" Staples v. Gerry, 923 F.3d 7, 15 (1st Cir. 2019), quoting Padilla-García v. Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000). Causation may be shown by circumstantial evidence. See Manuel v. Nalley, 966 F.3d 678, 680 (7th Cir. 2020). "Because prisoner retaliation claims are 'easily fabricated[] and . . . pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise.'" Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 565 U.S. 1163 (2012), quoting Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).

Here, the plaintiff alleges that Ladd "was a defendant in a 2020 civil action [he] filed against the DOC and its employees."[6] The classification board recommended that the plaintiff be

---

[5] An adverse prisoner placement decision may qualify as an adverse action. See, e.g., Hollerman v. Zatecky, 951 F.3d 873, 878 (7th Cir. 2020).

[6] To the extent the plaintiff is attempting to sue Ladd (or any of the other defendants) in her official capacity in addition to her personal capacity, he cannot do so as actions under 42 U.S.C. § 1983 for compensatory damages cannot be brought against a state official in that person's official capacity. See, e.g., Jones v. Cummings, 998 F.3d 782, 784 (7th Cir. 2021).

6

placed in minimum security. This recommendation was not acted upon for over five weeks, and then Ladd sent the "paperwork back to Souza Baranowski stating there was critical information that needed to be pointed." A correctional program officer assured the plaintiff that he still "'was' going to minimum." The board again recommended minimum security. Ladd then applied an override and sent the plaintiff to a medium security facility. The plaintiff had never been subject to an override before. Ladd also "caused a 'Red' folder to be put in [the plaintiff's] six-part folder," which "denotes Escape Risk." At least at the pleading stage, these facts allow a plausible inference that Ladd's actions were caused by a retaliatory motive. See Santiago v. Blair, 707 F.3d 984, 994 (8th Cir. 2013).[7]

Whether this claim will survive a motion for summary judgment is another matter. At that stage, the government "prevail[s] by showing that [it] would have reached the same decision in the absence of the protected conduct." Staples, 923 F.3d at 15, quoting Crawford-El v. Britton, 523 U.S. 574, 593 (1998). Moreover, a motion for summary judgment will not be

---

[7] It is not evident from the plaintiff's complaint whether the retaliation claim is intended to be against any defendant other than Ladd. In any event, nothing in the complaint alleges any reason why any person other than Ladd would have had cause to retaliate against the plaintiff, nor do the meager actions of Byers as alleged create a plausible appearance of retaliation.

7

limited to the facts alleged in the complaint and the exhibits attached thereto, as is a motion for judgment on the pleadings. See John Moriarty & Assocs., Inc. v. Zurich Am. Ins. Co., 102 Mass. App. Ct. 474, 481 n.4 (2023). At this stage, however, dismissal of this claim is inappropriate.

3. Other Federal claims. Except in the context of voting rights, a claim under 42 U.S.C. § 1983(3)[8] requires a conspiracy to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Accordingly, "the plaintiff must plead that that the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Milchtein v. Milwaukee County, 42 F.4th 814, 827 (7th Cir. 2022), quoting Bowman v. Franklin, 980 F.2d 1104, 1109 (7th Cir. 1992), cert. denied, 508 U.S. 940 (1993). Accord Doe v. Boston, 145 F.4th 142, 157 (1st Cir. 2025). The plaintiff has made no such allegation. Furthermore, "violations of § 1986 necessarily depend upon a preexisting violation of § 1985." Gattineri v. Lynnfield, 58 F.4th 512, 516

_____

[8] The plaintiff has not alleged a violation of 42 U.S.C. § 1985(1), which requires hindering a Federal officer, or 42 U.S.C. § 1985(2), which requires intimidation related to a Federal court case. See Chance v. Cook, 50 F.4th 48, 51 (11th Cir. 2022); Torres v. St. Louis, 39 F.4th 494, 507 n.7 (8th Cir. 2022).

8

(1st Cir. 2023).  Accordingly, the judge properly dismissed the plaintiff's claims under 42 U.S.C. §§ 1985 and 1986.

4.  <u>Conclusion</u>.  So much of the judgment as dismissed count 2 against Jennifer Ladd in her personal capacity is vacated, and the case is remanded for further proceedings.  The judgment is otherwise affirmed.

<u>So ordered</u>.

By the Court (Neyman,
  Ditkoff & Englander, JJ.[9]),

Clerk

Entered:  October 14, 2025.

---

[9] The panelists are listed in order of seniority.